

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

March 28, 1990

Mr. Fred Toler
Executive Director
Texas Commission on Law
    Enforcement Officer
    Standards and Education
1606 Headway Circle, Suite 100
Austin, Texas    78754

Opinion No.   JM-1152

Re:    Status of contract
jailers for certain pur-
poses    (RQ-1871)

Dear Mr. Toler:

    Your questions concern the  status of jailers  employed
in a jail operated by a private vendor under contract with a
county, and the  authority of  the Texas  Commission on  Law
Enforcement Officer  Standards  and Education  to  establish
standards for jailers and other jail personnel under section
415.0541 of the Government Code.   Section 415.0541 provides:

> (a)  The   commission  [Commission   on  Law
> Enforcement Officer Standards and  Education]
> shall  establish  minimum  physical,  mental,
> educational, and moral standards for  persons
> employed or used in the operation of a county
> jail.
>
> (b)  The commission's authority and  power
> applies to  all county  jail personnel.   The
> commission shall  have  additional  staff  to
> carry out this section.
>
> (c)  Not later  than  one year  after  the
> date that  the commission  establishes  stan-
> dards for county jail personnel, <u>each  county
> must have all jail personnel certified by the
> commission</u>.
>
> (d)  A standard requiring a person to have
> a degree of formal  education or the  equiva-
> lent does  not  apply  to a  person  who  was
> employed or whose services  were used in  the
> operation of  a  county jail  on August  29,
> 1977.   (Emphasis added.)

Subchapter F of chapter 351 of the Local Government Code authorizes counties to contract for privately run jail facilities. Section 351.101 authorizes the commissioners court of a county, with the approval of the sheriff of the county, to contract with a private organization to place low-risk inmates in a detention center. Section 351.102 provides that the commissioners court may contract with a private vendor to provide for the maintenance or management of a jail, detention center, work camp, or related facility. Section 351.103 requires the private vendor to operate the facility in compliance with minimum standards adopted by the Commission on Jail Standards and to receive and retain a certification of compliance from the commission. Section 351.103 further provides for regular, on-site monitoring by the sheriff.

You ask the following questions:

1. Are the Subchapter F contract county jailers, county jailers within the definition and licensing requirement of Chapter 415, even though these persons are employed by private entities as opposed to the sheriff?

2. If these Subchapter F contract county jailers are not county jailers as defined in Chapter 415, then are these persons 'other county jail personnel' within the meaning of Section 415.0541?

3. The legislative history of Chapter 415, and its predecessor Article 4413 (29aa) V.A.C.S. reflects a modification in wording in that the word certify has been changed to the word license, throughout Chapter 415. Therefore, can the word 'certify' in Section 415.0541 be interpreted as authorizing the Commission to license 'other county jail personnel?'

4. If the answer to question three is in the affirmative, then is the Commission authorized to establish pre-licensing standards and licensing tests for the 'other county jail personnel,' and as license holders are these persons subject to the suspension, revocation and training provisions contained in Chapter 415?

5. If the answer to question four is in the negative, then which provisions of Chapter 415 apply to these persons?

> 6.  Was it the legislative intent that the phrase 'for persons employed or used in the operations of a county jail' be interpreted to apply to only those persons who are not county jailers as defined in Chapter 415, but who exercise care, custody, control or supervision of inmates; or was it the legislative intent that the phrase apply to everyone who is associated with the operations of the jail, for example: secretaries, medical personnel and other personnel, who provide support for the jail operations?

In your first question you ask whether jailers employed by private vendors under contract with a county come within the definition and licensing requirements of Chapter 415 of the Government Code. Subsection (2) of section 415.001 of the Government Code defines "county jailer" to mean "a person designated as a jailer or guard of a county jail under section 85.005, Local Government Code." That section authorizes the sheriff to employ guards.

Contract county jailers do not come within the definition of county jailer in section 85.005 of the Local Government Code since they are employed by the private vendor operating the facility rather than the sheriff, and they are not subject to the licensing requirements of chapter 415 of the Government Code.

In your second question you ask whether contract county jailers are other county jail personnel within the meaning of section 415.0541. Section 511.0011 of the Government Code, formerly article 5115.1, V.T.C.S., defines "county jail" as "a facility operated by or for a county for the confinement of persons accused or convicted of an offense."

Attorney General Opinion MW-328 (1981) concluded that "a city jail holding county prisoners pursuant to contract thereby becomes a county jail for the purposes of article 5115.1, V.T.C.S. (now section 511.0011), so that its employees are required to be certified by the Texas Commission on Law Enforcement Officer Standards and Education." Since a contract county jailer is a person employed or used in the operation of a "county jail," as that term is defined in section 511.001, the commission has authority to "establish minimum physical, mental, educational and moral standards" for the certification of a "contract county jailer."

In your third question you ask whether the word "certify," as used in section 415.0541, may be interpreted as authorizing the commission to "license" other county jail personnel. We do not believe that the term "certify" is

equivalent to "license" used elsewhere in chapter 415.   None
of the express licensing provisions apply to other jail
personnel.   Section 415.0541 defines the authority the
commission possesses in establishing standards for persons
employed or used in the operation of the jail.

While your fourth question is predicated on our con-
cluding that "certify" means "license," we will nevertheless
address the matter of establishment of standards for "other
jail personnel."  The intent of the Legislature to establish
standards for personnel other than jailers is evidenced by
language employed in section 415.0541.  Subsections (a) and
(b) provide that the commission establish standards for
"persons employed or used in the operation of the jail" and
the "commission's authority and power applies to all county
jail personnel."   Subsection (c) expressly provides each
county must "have all jail personnel certified by the
commission."  Subsection (b) states that "the commission
shall have additional staff to carry out this section."

You also ask in your fourth question whether these
persons are subject to the "suspension, revocation and
training provisions contained in Chapter 415."   Section
415.031 provides for licensing and training of officers and
county jailers.[1] Section 415.001 defines "officer" as "a
peace officer or reserve law enforcement officer."   We
understand your question to exclude "county jailers" in
referring to "other jail personnel."  By their terms, the
provisions relating to training programs for officers and
county jailers are not applicable to "other jail personnel."
Nor do we believe other provisions with respect to suspen-
sion and revocation of licenses contained in section 415.060
to be applicable to "other jail personnel." We conclude
that it was the intent of the Legislature that the commis-
sion establish standards for all the remaining personnel,
pursuant to section 415.0541, without regard to the require-
ments of chapter 415 relating to an officer and county
jailer.

---

1.   The commission is also charged with the responsi-
bility of licensing public security officers. See Attorney
General Opinion JM-878 (1988).   To come within the defini-
tion of "public security officer" as that term is defined in
section 415.001 of the Government Code, the person must be
employed as an armed security officer by the state or a
political subdivision.   Your question relative to "other
county jail personnel" excludes consideration of public
security officers.

Our disposition of your fourth question is dispositive of the fifth question relative to "which provisions of Chapter 415 apply to these persons."

Your sixth question asks whether the provision "for persons employed or used in the operation of a jail" applies to persons other than county jailers and persons who exercise care, custody, control, or supervision of inmates. As noted in our answer to your fourth question, subsection (b) of section 415.0541 expressly provides that the commission's authority "applies to all county jail personnel." "Personnel" is defined in Oxford American Dictionary 498 (1980) as "the body of people employed in any work, staff." We believe that it was the intent of the Legislature to include all county jail employees rather than limit the provision of section 415.0541 to county jailers and persons who exercise care, custody, control, or supervision of inmates.

## S U M M A R Y

Jailers employed in a jail operated by a private vendor under contract with a county are not "county jailers" as that term is defined in section 85.005 of the Local Government Code. Contract jailers are other county jail personnel within the meaning of section 415.0541 of the Government Code, and the Texas Commission on Law Enforcement Officer Standards and Education is authorized to establish standards for certification of these jailers in accordance with the provisions of this section. The standards for certification of contract jailers and all other jail personnel are contained in section 415.0541. Other provisions in chapter 415 relative to licensing of officers and county jailers are not applicable. The requirement that the commission establish standards for all county jail personnel is not limited to employees who exercise care, custody, control, or supervision of inmates.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General